Moncure J.
It is a general rule that every contract as to its validity, nature, interpretation and effect, or, as they may be called, the right, in contradistinction to the remedy, is governed by the law of the place where it is made, unless it is to be performed in another place; and then it is governed by the law of the place where it is to be performed. Story’s Confl. of Laws §§ 242, 260, 263 & 280. The form of the remedy is governed by the law of the place where the suit is instituted. Id. § 556.
It is often difficult to determine, whether a matter relates to the right or to the remedy, and whether it is governed by the lex loci contractus, or the lex fori, as *128 they are called. Id. § 563; Andrews v. Herriot, note, 4 Cow. R. 528; Leroux v. Brown, 74 Eng. C. L. R. 801. But the question is immaterial'in this case, the place performance and the place of the suit being the same, and the right and the remedy being therefore gov- , , . erned by the same law.
Whether a note is negotiable or not, is a question which relates to its nature and effect. A negotiable note is not of the same nature and effect with a note not negotiable. The rights and obligations of the parties are materially different; especially when the negotiable note is in the hands of a bona,fide holder for valuable consideration, without notice of any defence which might affect it in the hands of a prior holder. Story on Bills §§ 14,15,17.
In Vidal v. Thompson, 11 Martin’s R. 23, (which was much relied on by the counsel of the plaintiffs in error in this case) the court said: “An instrument, as to its form and the formalities, attending. its execution, must be tested by the laws of the place where it is made; but the laws and usages of the place where the obligation, of which it is evidence, is to be fulfilled must regulate the performance. The question in that case was, as to- the meaning and effect of an article of the civil Code of Louisiana; and it seems to be at least doubtful, whether the rule laid down by the court is entirely correct, as a general principle of law? See Story on Bills § 159 ; Story on Confl. Laws §§' 260, 262, 262 a, and 318 and notes. But whether it be so or not is immaterial to this case, as the negotiability of a note is certainly not a mere matter oí form, within the meaning of the .distinction stated, but is of the very essence of the contract.
The note in this case being payable in Yirginia though made in Massachusetts, its negotiability therefore depends on the law of Yirginia, and not on the law of Massachusetts.
It can make no difference, in regard to the note itself, *129 that It may have been (as it probably was) endorsed and ■delivered to the plaintiffs in Massachusetts and not in Virginia. Its nature and effect and the rights and obli.gations of the maker must be the same in either case.— Story on Bills, §§ 158, 167, 168, 169 ; Story’s Conil. laws, §§ 817, 882; Ory v. Winter, 18 Martin’s R. 277.
The only law of Virginia making notes negotiable, is that which declares, that “every promissory note or check for money payable in this State, at a particular bank, or at a particular office thereof for discount and deposit, or at the place of business of a savings institution or sawings bank, and every inland bill of exchange, payable in this State, shall be deemed negotiable,” &c. Code p. 144,
Tlie note in this case was not payable at a particular bank, or at a particular office thereof for discount and deposit, or at the place of business of a savings institution or savings bank”; but was paj’able “at either of tlie banking bouses in Wheeling, Virginia”; and therefore Is not a negotiable note.
But tlie law of Virginia further declares that “the assignee of any bond, note, or writing, not negotiable, may maintain thereupon any action in his own name which the original obligee or payee might have brought, but shall allow all just discounts, not only against himself, but against the assignor, before the defendant had notice of the assignment.” Code p. 588, ch. 144, § 14.
The note in this case is therefore assignable, and an assignee thereof may maintain an action thereon in his own name.
It is averred in each count of the declaration that the payees of the note, for value received, endorsed and delivered it to the plaintiffs. This is a substantial and sufficient averment that the note was assigned to the plaintiffs ; and in suing as “endorsees,” they in effect sue as assignees of the note. Indorsement is a term nsnaU'y" *130 applied to1 the transfer of negotiable paper, while assignment is applied' to the transfer of dioses in action not negotiable. But when a note is endorsed and delivered to a person, it is in fact assigned to him, whether it be negotiable or not; and an averment that it was endorsed and delivered, is in effect an averment that it was assigned, if it be not negotiable but assignable only. The ordinary form of averring an assignment of a writing ndt negotiable is, that the assignor, “by an endorsement on the said writing, did assign the same to the plaintiff”; but there is no peculiar virtue in this form, which is prescribed by no law, and the averment may be made in .other words of equivalent import..
The case of the Bank of Marietta v. Pindall, &c., 2 Rand. 465, is not in conflict, but is in perfect accordance with what has been just said. That was an action upon a note not negotiable, brought by the assignees thereof; and one of the questions was, whether the contract of assignment was- made in Virginia. The declaration sufficiently averred an assignment; but was silent as to the-place where it was made. The defendants by special plea averred that the note was endorsed by the payees in Virginia. In delivering the opinion of the court, Judge Cabell uses this language: “IIow are these averments in the declarations” (there were three actions of the same kind) “met by the,pleas ? Hot by the allegation that the notes were assigned to the plaintiffs in Virginia,; nor even by the allegation that they were endorsed to the plaintiffs in Virginia / but simply, that they were endorsed in Virginia. The term endorse, when applied to bills of exchange, negotiable by the custom of merchants, or to papers made negotiable by our statutes, may, ex vi termini, import a legal transfer of the title. But, as to bonds and notes not negotiable, the legal title to them passes by assignment-only; and as to.them endorsement is not equiva *131 lent to assignment. As to them, assignment means more ° . 5 ° than endorsement; it means endorsement by one party, with intent to assign, and an acceptance of that assignment by the other party. The notes in question are not negotiable, according to our laws, but assignable only. The pleas therefore that they were endorsed in Virginia, tendered immaterial issues and were properly demuired to. It may have been the intention of the pleader to entrap the plaintiffs, if they took issue, by confining the proof to the mere fact of the payees writing their names on the backs of the notes; and this is rendered probable by the circumstance that the notes are not alleged by the pleas to have -been endorsed to the plaintiffs. They might well be endorsed in Virginia and assigned in Ohio.” Id. 475. How if the pleas had not only alleged that the notes were endorsed by the payees, but also that they were delwered by them to the plaintiffs, in Virginia, they would certainly have been considered by the court as sufficiently averring that the assignments were made in Virginia.
The case of the Bank of Marietta v. Pindall, is a conclusive authority to show that the plaintiffs in this ease, though a corporation of Massachusetts and not of Virginia, may maintain this action. In that case the plaintiffs were a corporation of Ohio, and two questions were made upon the pleadings: 1. Whether a Banking Company, not incorporated as such by any law of Virginia, but by a law of one of our sister States, can prosecute an action in Virginia in its corporate name and character, on any contract whatever? And 2. Whether they can prosecute an action in our courts on a contract made in Virginia ? The court decided the first question affirmatively. And in regard to the second held, that no foreign bank could make a primary contract in Virginia by discounting notes or otherwise; and that no right of action, therefore, could arise from the exercise *132 of such, a power. But the court was further of opinion, and accordingly decided, that the pleadings in the cases did not show that the contracts of assignment were made Yirgínia. The special pleas, as before stated, only averred that the notes were endorsed in Virginia. And though the declarations did not state where the assignments were made, yet the court was of opinion it ought to be inferred on general demurrer that they were made in Ohio and not in Virginia and therefore overruled the demurrers to the declarations. “The effect of the demurrers,” said the court, “is to admit the assignments, as laid in the declaration. If these assignments were made in Ohio they were lawful, and will serve as the foundation for suits in our courts; if they were made in Virginia, as original contracts, they were null and void and can give no right of action. In the total absence of all allegations by either plaintiffs or defendants, as to the place where the assignments were made, we do not feel ourselves constrained to intend that they were made at place where the parties had no right to make them, and where the attempt to make them would be vain and nugatory. On the contrary we think, that on these pleadings, the assignments must be taken to have been made at the Bank of Marietta, where the notes were original-made payable, and where the appellants had a right discount them.” Id. 476.
The same remarks in substance, and the same course of reasoning, apply to this case. The declaration does not state where the assignment was made; but it states that the note was made in Massachusetts, and, on the day of its date, was assigned to the plaintiffs a corporation of Massachusetts; and we think it ought to-be inferred, on demurrer to the declaration, that the assignment was made in that State. Therefore the plaintiffs may maintain this action.
It was earnestly, and with great appearance of reason, *133 contended by tbe counsel for the appellants in tbe case of the Bank of Marietta v. Pindall, &c., (said the court in that case,) that as incidental to the right of recovering, in Yirginia, a debt acquired by an original and legal contract in Ohio, they might legally make in Yirginia, a secondary contract for carrying into effect a contract originally and legally made in Ohio; as for instance, that they might take from a debtor, in Yirginia, the assignment of a note or other chose in action, in payment of a debt originally and legally contracted in Ohio. But as this point did not necessarily present itself in the case the court forbore to express any opinion upon it.— Id. 474. Ho such point arises on the pleadings in this case, and therefore no opinion is expressed upon it.
The breach at the end of the declaration applies to each of the counts, and is sufficient though the sum is of money therein mentioned is the same sum mentioned at the commencement of the declaration and in each of the counts, to wit: the sum of §2500 the amount of the note. The debt demanded should regularly be the aggregate of all the sums alleged to be due in the different counts; but a mistake in this respect, whether more or less be stated, will not be a cause of demurrer. 1 Ohitty’s PI. 361.
Upon the whole we are of opinion that the Circuit court erred in sustaining the demurrer; and therefore the judgment is reversed with costs, the demurrer overruled, and the cause remanded to the said Circuit court to be tried upon the issue joined on the plea of nil debet and for further proceedings therein. 'And the parties are to have liberty to amend their pleadings if they desire to do so.
The other judges concurred in the opinion of Mon-cure J.
Judgment reversed.